LUTHERAN CAMPUS COUNCIL, a North Dakota religious corporation, Plaintiff and Respondent,

v.

BOARD OF COUNTY COMMISSIONERS, WARD COUNTY, North Dakota, and Edwin Sjaastad, State Tax Commissioner of North Dakota, Defendants and Appellants.

Civ. No. 8561.

Supreme Court of North Dakota.

Feb. 20, 1970.

Richard B. Thomas, State's Attorney, Minot, for Board of County Commissioners of Ward County; Joseph R. Maichel, Spe-

cial Asst. Atty. Gen., Bismarck, for Edwin Sjaastad, State Tax Commissioner of North Dakota, for defendants and appellants.

Waldron & Kenner, Minot, for plaintiff and respondent.

PAULSON, Judge.

This is an appeal from a judgment of the District Court of Ward County, North Dakota, whereby, on appeal, the court reversed a decision of the Board of County Commissioners of Ward County denying an application for abatement and settlement of real estate taxes assessed for the years 1966 and 1967 against residential property owned by the Lutheran Campus Council in Minot, North Dakota, and trial de novo is demanded.

The Lutheran Campus Council, a North Dakota religious coporation, owns Lot Two (2), Block Four (4), Valli Hai Addition to the City of Minot, Ward County, North Dakota. This property was purchased in December, 1965, pursuant to a sales agreement, from Kenneth O. Nelson, and fee title acquired by warranty deed in April, 1968. The residence situated on the property has been used and occupied by the Reverend Richard L. Jurgensen since December of 1965.

The Reverend Mr. Jurgensen is an ordained minister of the American Lutheran Church and, since 1961, has ministered to the Lutheran students and faculty members of Minot State College on a full-time basis, on behalf of the Lutheran Campus Council. The premises in question have been and are being used by the Reverend Mr. Jurgensen for periodic religious group meetings, counseling of students and faculty members; as a study, an office, and a conference facility; and as a residence for himself and his family.

The real estate taxes for the years 1966 and 1967 have been levied and assessed against the property owned by the Lutheran Campus Council used and occupied by the Reverend Mr. Jurgensen for the pur-

poses mentioned. The Council, on April 28, 1968, filed an application in duplicate for abatement and settlement of the real estate taxes with the board of county commissioners of Ward County. The reasons set forth in the application were that the property is owned by the Lutheran Campus Council, a North Dakota religious corporation, and that the property is used as a parsonage and for religious purposes and is exempt from general taxes, pursuant to the provisions of subsection 7 of § 57-02-08 of the North Dakota Century Code. The application was referred to the governing board of the City of Minot, North Dakota, which recommended to the board of county commissioners of Ward County, on August 5, 1968, that the application for abatement and settlement of the taxes be denied. The Ward County commissioners, on October 8, 1968, denied the application because the property did not qualify under the exemption provisions of § 57-02-08, N.D.C.C. Thereafter, on October 23, 1968, the Council appealed to the district court from the decision of the board of county commissioners of Ward County denying the Council's application for abatement and settlement of the taxes.

The Honorable Roy A. Ilvedson, Judge of Ward County District Court, found that the property owned by the Lutheran Campus Council and as used by the Reverend Mr. Jurgensen as his residence was exempt from real estate taxes pursuant to subsections 7 and 9 of § 57-02-08, N.D.C.C., and thereafter a judgment was duly entered. The board of county commissioners of Ward County has appealed to this court from that judgment.

The facts in the present case are virtually undisputed and are in essence those related above.

The appellants state the issue as follows: whether the property owned by the Lutheran Campus Council, a religious corporation, and used and occupied by a minister engaged in counseling and guidance work with students and faculty members of an

institution of higher learning is exempt from taxation pursuant to either subsection 7 or 9 of § 57–02–08, N.D.C.C.

The board of county commissioners of Ward County urge that an exemption only exists by virtue of either a constitutional or a statutory provision. Section 176 of the North Dakota Constitution provides, in part, that:

"* * * property used exclusively for * * .* religious * * * or other public purposes shall be exempt from taxation. * * * "

The pertinent provisions of § 57–02–08, N.D.C.C., are:

"All property described in this section to the extent herein limited shall be exempt from taxation, that is to say: ·

\* \* \* \* \* \*

"7. All houses used exclusively for public worship, and lots or parts of lots upon which such buildings are erected, and any dwellings belonging to religious organizations intended and ordinarily used for the residence of the bishop, priest, rector, or other minister in charge of the services of the church, together with the lots upon which the same are situated;

\* \* \* \* \* \*

"9. All real property, not exceeding two acres in extent, owned by any religious corporation or organization, upon which there is a building used for the religious services of such organization, or upon which there is a dwelling with usual outbuildings, intended and ordinarily used for the residence of the bishop, priest, rector, or other minister in charge of such services, shall be deemed to be property used exclusively for religious services, and exempt from taxation, whether such real property consists of one tract or more. All taxes assessed or levied on any such property, while the same was so used for religious purposes, are void and of no effect, and must be canceled. * * * "

We find, in analyzing these provisions, that § 176 of the North Dakota Constitution is a mandate to exempt from taxation property used exclusively for religious purposes. This constitutional provision is a right which shall not be restricted. Subsections 7 and 9 of § 57–02–08, N.D.C.C., are legislative enactments implementing this constitutional command, and they set forth the specific property which qualifies for exemption from taxation. Neither the board of county commissioners of Ward County nor the Lutheran Campus Council has presented any constitutional questions in this case. The issue involves only the construction and application of subsections 7 and 9 of § 57–02–08, N.D.C.C.

As we approach the construction of our statute and its application to the facts of this case, we bear in mind the rules that the burden is on the claimant of a tax exemption to establish the exempt status of his property and that the laws under which such an exemption is claimed will receive a strict construction against the claimant. North Dakota Soc. for Crippled Child. & Ad. v. Murphy, 94 N.W.2d 343, 345 (N.D.1959). However, with regard to the rule of strict construction, the Supreme Court of Nebraska stated, in Lincoln Woman's Club v. City of Lincoln, 178 Neb. 357, 133 N.W.2d 455, 459 (1965):

"It is well settled that provisions exempting property from taxation are to be strictly construed; that their operation should not be extended by construction; and that the power and right of the state to tax are presumed and the exemption must be clearly granted. This does not mean that there should not be a liberal construction of the language used in order to carry out the expressed intention of the fundamental lawmakers and the Legislature but, rather, that the property which is claimed to be exempt must come clearly within the provisions granting such exemption. [Citation omitted.]

"The theory that the rule requiring strict construction of a tax exemption statute demands that the narrowest possible meaning should be given to words descriptive of the objects of it would establish too severe a standard. A liberal and not a harsh or strained construction is to be given to the terms 'educational,' 'religious,' and 'charitable' in order that the true intent of the constitutional and statutory provisions may be realized. The judicial interpretation of such statute should always be reasonable."

We believe that the Nebraska approach to the problem of determining the breadth of tax exemption statutes is the correct one and we apply it here. We so hold especially in light of § 1–02–01, N.D.C.C., which provides:

"The rule of the common law that statutes in derogation thereof are to be construed strictly has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."

This section was not considered in the decision of North Dakota Soc. for Crippled Child. & Ad. v. Murphy, *supra*.

The board of county commissioners further contends that the constitutional and statutory provisions applicable to exempt property place emphasis on the use of the property, rather than on the ownership, and, accordingly, its use determines the exemption from taxation of church property used for religious purposes.

The Lutheran Campus Council asserts that the property falls squarely within the exemption provisions of subsections 7 and 9 of § 57–02–08, N.D.C.C., and strenuously urges that the board of county commissioners is in error with reference to the method and manner which the board used in construing the exemption statute; and the Council further urges that the word "owned", as set forth in subsection 9 of § 57–02–08, N.D.C.C., buttresses its position.

Our view is that the property in the instant case is exempt under either subsection 7 or 9 of § 57–02–08, N.D.C.C.

It is exempt under subsection 7 as a dwelling belonging to a religious organization intended or ordinarily used for the residence of a minister in charge of the services of the church. The phrase "the services of the church" relates to the incorporeal and is not limited to an edifice.

It is exempt under subsection 9 as a dwelling intended and ordinarily used for the residence of a minister in charge of the religious services of the religious corporation.

Subsection 9 has an additional requirement: that is: that the tract of land upon which the residence is situated must not exceed two acres in extent. The record does not indicate that the one lot upon which the parsonage is located exceeds two acres.

A further review of the record reveals, without any refutation by the board of county commissioners, that the Council was and is a North Dakota religious corporation; that it owned the property; that such property was used and occupied by the Reverend Richard L. Jurgensen as his residence; that, as an ordained minister, he was ministering on a full-time basis to the needs of students and faculty members of Minot State College; that the parsonage included a study, an office, and a conference facility; that the Reverend Mr. Jurgensen was paid a salary by the Lutheran Campus Council; that the Lutheran Campus Council paid $1,400.00 a year rental for the use of facilities at the Augustana Lutheran Church at Minot, where regular religious services were held on Wednesday of each week; and that the property here involved is therefore not owned or used for financial gain or profit to either the Council or its minister. These findings support our earlier conclusion in this opin-

ion, that the property is exempt from taxation. The judgment of the trial court is affirmed.

ERICKSTAD, J., concurs.

STRUTZ, J., concurs in the result.

TEIGEN, Chief Justice (concurring specially).

I concur in the result. In my opinion, the property in question is exempt from taxation under subsection 7 of Section 57–02–08, N.D.C.C. It is not exempt under subsection 9 thereof.

The original text of Section 176 of the Constitution, and the 1914 amendment thereto, imposed a mandate upon the legislature to, by general law, exempt from taxation property used "exclusively for religious purposes." Legislation was enacted in 1901 (Chapter 160, Session Laws of 1901). This statute exempts property used exclusively for religious purposes and provides that a dwelling, and the land upon which it is located, used for the residence of the clergy, is "deemed to be property used exclusively for religious" purposes. To qualify such property for a tax exemption, the statute requires that both the dwelling, its land, and the building in which the services are conducted, and its land, be owned by the same religious corporation, or organization, and that the clergy, who occupies the dwelling, is in charge of "such services."

In 1918, Section 176 of the Constitution was again amended. It became self-executing and does not require legislation to exempt property used exclusively for religious purposes. In 1923 the legislature enacted Chapter 308, which is now codified as subsection 7 of Section 57–02–08, N.D.C.C. This statute does not require ownership by the religious corporation of the church edifice or the land on which it stands. It exempts a dwelling and its lots, owned by a religious organization, which is intended and ordinarily used for the residence of the clergy "in charge of the services of the church." This act does not attempt to classify the dwelling or lots as being used "exclusively for religious purposes" to bring it within the terms of the constitutional provision. Subsection 7 is, therefore, purely a statutory exemption.

The Lutheran Campus Council does not own the land or the building in which their church services are conducted, but such ownership is not necessary under subsection 7. The Lutheran Campus Council apparently does hold church services in a church rented for that purpose and the minister, occupying the dwelling in question, is in charge of the services conducted therein by the Lutheran Campus Council. Therefore, in my opinion, it is exempt from taxation under subsection 7.

KNUDSON, J., concurs.